[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12803
Non-Argument Calendar

_____

D. C. Docket No. 06-00114-CR-J-32HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COREY DEON CHARLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 28, 2007)

Before BARKETT, WILSON  and  PRYOR , Circuit Judges.

PER CURIAM:

Corey Deon Charles appeals his sentence following the revocation of

supervised release, arguing that the district court's twenty-one month sentence was unreasonable. Charles admitted to violating the conditions of his supervised release. During the sentencing portion of Charles's revocation hearing, the district court judge considered sentencing him to time-served plus seven days' imprisonment so that Charles could take advantage of the probation officer's different drug and mental health treatment options upon release. When Charles reacted vociferously to the probation officer's suggestion that he wear a monitoring bracelet on his ankle upon release, the district court continued sentencing. At the continued sentencing hearing, the district court sentenced Charles to 21 months' imprisonment.

Charles argues that the district court had to consider the factors listed in 18 U.S.C. § 3553(a), and its decision to sentence him to 21 months' imprisonment was unreasonable given that it had previously considered sentencing him to time-served plus seven days' imprisonment.

Where a defendant under supervised release possesses a controlled substance, he is subject to mandatory revocation of his supervised release and a prison term not in excess of the statutory maximum. 18 U.S.C. § 3583(g)(1). We have previously determined that when revocation of supervised release is mandatory under 18 U.S.C. § 3583(g), the statute does not require consideration of

2

the § 3553(a) factors. Thus, to the extent that Charles argues that the district court did not adequately consider the § 3553(a) factors in sentencing him, that argument fails because the district court was not required to consider those factors as Charles's revocation for drug possession was mandatory. We note, that, in any event, the district court did consider the § 3553(a) factors, and the record reflects that Charles's sentence was not unreasonable.

**AFFIRMED.**